**In re John Karl KERSHAW, et al., Debtors.**

**John Karl KERSHAW, et al., Debtors-appellants,**

**v.**

**Margaret BEHM, Trustee-appellee.**

**Bankruptcy No. 383–00432.**
**Civ. A. No. 3:88–0947.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 11, 1989.

John Kershaw, 3616 Doge Place, Nashville, Tenn., pro se.

B. Gail Reese, Lisa Cowan, Manier, Herod, Hollabaugh & Smith, Nashville, Tenn., for defendant.

ORDER AND STAY

NEESE, Senior District Judge.

The appellants filed on October 11, 1988 a notice of appeal from the orders of July 12, 1988 and September 28, 1988 of the Bankruptcy Court of this District. Rule 8006, Bankruptcy Rules, required the appellants to designate, within 10 days after the filing of such notice of appeal, items to be included in this record on appeal and a statement of issues to be presented.

As 10 months have now elapsed since the filing of such notice, without such designation's having been made, this Court must affirm summarily the foregoing orders of our Bankruptcy Court, Rule 17, Local Rules of Court.* Accordingly, the orders of July 12, 1988 and September 28, 1988 of our Bankruptcy Court hereby are

AFFIRMED summarily, for the appellant's failure to have complied with the foregoing rule.

Such judgment hereby is STAYED for 30 days to give the appellant an opportunity to show that the pertinent omission herein was not due to negligence or indifference.

---

* The "[f]ailure by an appellant to comply with the provisions of * * * Rule 8006 * * * of the Bankruptcy Rules, Title 11 of the United States Code Annotated, will result in summary affirmance of the opinion of the bankruptcy judge." Rule 17, *supra*.

*In re Winner Corp.*, 632 F.2d 658, 661 (6th Cir.1980).

